■ DRYDEN AND COMPANY, Appellant, v. GOULD, INC., Respondent, et al., Defendant.— Order and judgment (two papers), Supreme Court, New York County, entered May 23, 1974 and June 6, 1974, respectively, denying plaintiff's motion for leave to amend the complaint and granting defendant's motion for summary judgment, unanimously reversed, on the law, the judgment vacated, the motion to amend the complaint granted, and motion for summary judgment denied, without costs and without disbursements. Waltham Industries Corp. (Waltham) was heavily indebted to the Franklin National Bank. In an attempt to alleviate its financial strait, Waltham

---

* For the purposes of publication, and as to all further proceedings, the application shall bear this title.

engaged Dryden and Company (Dryden), a business broker, to find a buyer for a subsidiary of Waltham, known as Ferraloy. Dryden arranged for the sale of Ferraloy to Gould, Inc., (Gould). The original agreement of sale, dated September 11, 1970, completely insulated Gould from any liability for payment of a finder's fee. That agreement was amended on October 1, 1970 expressly to benefit plaintiff. The amendment provided that, after the closing, Waltham was to pay Gould the sum of $150,500 and upon receipt of such sum Gould would assume the obligation of the payment of Dryden's fee. Computation of Dryden's fee was based upon a percentage of the sales price. There was disagreement as to the true value of Ferraloy and the last $450,000 of the purchase price was withheld pending a final resolution of this dispute. At this point, the $150,500 payment by Waltham to Gould was not made, but Gould still had in its possession $450,000. There was an alleged oral agreement to subtract from the final payment to Waltham the fee owed to Dryden. The amount subtracted was then to be paid directly to Dryden. This would obviate the mechanical formality of passing the funds to Waltham and Waltham then returning $150,500 of that back to Gould in order to effectuate the amended sales agreement. Gould, however, paid the full amount to Franklin National Bank which appropriated the entire amount toward satisfaction of the loan to Waltham. Dryden received nothing and initiated this suit alleging breach of contract. After conducting pretrial proceedings, Dryden determined that Gould was also liable on theories of fraud and negligent misstatements, and moved to amend the pleadings to add two causes of action based on these theories. Gould cross-moved for summary judgment on the theory that the action is barred by the Statute of Frauds. Special Term denied Dryden's motion and granted Gould's cross motion for summary judgment. We find that the defense of Statute of Frauds may not be applied here as a matter of law. The oral modification alleged may have been merely a minor mechanical change in the method of payment contemplated by the amended sales agreement and therefore need not have been evidenced by a writing. Since the substantiality of the modification is disputed by the parties, summary judgment should not have been granted. Concur — Markewich, J. P., Murphy, Steuer, Lane and Yesawich, JJ.